*State v. McCloud*, 276 N.C. 518, 173 S.E.2d 753 (1970) cites N.C.Gen.Stat. § 15–47 which provides that bail is a matter of right in noncapital cases.

**J. J. D., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. J–79–172.**

Court of Criminal Appeals of Oklahoma.

Oct. 3, 1979.

Randy C. Parsons, Parsons & Parsons, Shawnee, for appellant.

Bill Roberson, Dist. Atty., Rick W. Cornwell, Asst. Dist. Atty., for appellee.

## OPINION

BRETT, Judge:

 The juvenile, J. J. D., appeals from the order certifying him to stand trial as an adult for the crime of Murder in the First Degree in Pottawatomie County Case No. JFJ–79–5. He appeals only from the finding of lack of amenability to rehabilitation within the juvenile system, and therefore did not include in his designation of record the transcript of testimony concerning the hearing on prosecutive merit. For reasons unknown to this Court, the District Attorney did not counterdesignate the transcript of testimony for the prosecutive merit hearing, so this Court directed that that transcript be submitted to the Court. Ordinarily, absent the transcript of testimony of the hearing on prosecutive merit, this Court is bound by the finding of probable cause by the trial court. Thereafter, in the final order entered by the Juvenile Division of the District Court, the first finding of the court was:

"That the alleged offense is a serious offense, having been denominated by the legislature as a felony and being one of the few offenses carrying with it the possibility of the death penalty; and that the alleged offense was committed in an aggressive, violent, premeditated, and willful manner."

Consequently, insofar as the appellant failed to designate the transcript of testimony for the prosecutive merit hearing, this Court must be bound by the finding of the Juvenile Division of the District Court that the offense was committed in an aggressive, violent, premeditated and wilful manner. Notwithstanding this fact, this Court considered it wiser to have the record of that hearing for review with the remainder of the material.

The appellant raises two specifications of error, as follows:

(1) That the court erred in failing to follow the law and evidence, in particular, as to whether or not a juvenile Respondent was amenable to rehabilitation within the juvenile system; and

(2) That the court erred in allowing the irrelevant testimony of Gayle Baldwin, more specifically that being all the evidence pertaining to the facilities available within the adult system.

It appears that the appellant is asserting that the juvenile judge is bound to accept at full value the testimony of experts who offer their opinion relative to the rehabilitation of a given juvenile. However, 10 O.S. Supp.1978, § 1112, ¶(b), sets forth the guidelines for the juvenile court to follow in a certification proceeding. Thereafter, five separate items are listed which include the seriousness of the alleged offense to the community; whether the offense was against persons or property; whether there is prosecutive merit to the complaint; the sophistication and maturity of the juvenile; the record and previous history of the juvenile, including previous contacts with community agencies, law enforcement agencies, schools, etc.; and last, the prospects for adequate protection of the public and the likelihood of reasonable rehabilitation of the juvenile if he is found to be guilty of the alleged offense, by the use of procedures and facilities currently available to the juvenile court. The statute then provides that the juvenile court shall conduct a full investigation and a preliminary hearing and may in its own discretion continue the

juvenile proceeding or certify the juvenile to stand trial as an adult. In the instant case, the juvenile court waived jurisdiction and certified the juvenile to stand trial as an adult for the offense of First Degree Murder.

 In *J. T. P. v. State,* Okl.Cr., 544 P.2d 1270, 1279 (1975), this Court held that the decision of whether or not a child is unfit for rehabilitation within the juvenile system is one within the discretion of the juvenile court. This Court also held in *J. T. P.* that it is not necessary that the court's consideration be arithmetically proportioned among the statutory factors or that each of the statutory factors be clearly decided against the claim of the juvenile. We, therefore, do not accept the appellant's first assignment of error that the juvenile court did not follow the law and the evidence in this particular case. The juvenile judge had heard the prosecutive merit portion of this matter and discovered that this 15-year-old juvenile, in the company of a 17-year-old juvenile, entered the home of the decedent at approximately 2:30 a. m., during which time two shots were fired into the bedroom of the decedent, one shot striking him in the stomach, causing a fatal wound. The other shot fired at the decedent's wife missed its mark and lodged in the headboard of the bed. Thereafter, the two juveniles made their escape from the decedent's home. There is no doubt whatsoever that the offense was serious, that it was committed in an aggressive, violent, premeditated and wilful manner, and that the offense was committed against persons. Therefore, we find that the juvenile court did not abuse its discretion in weighing the evidence of the prosecutive merit hearing with the evidence presented at the hearing on the amenability for rehabilitation. See *Calhoon v. State,* Okl.Cr., 548 P.2d 1037 (1976).

 With reference to the appellant's second proposition, this Court agrees with the appellant's contention that the testimony of Gayle Baldwin, a probation officer for the Department of Corrections, as it concerned the adult correctional institution,

was irrelevant. We doubt very seriously that her testimony had any bearing whatsoever on the juvenile judge. Likewise, the appellant fails to support his argument with any authority in his second proposition.

Now, therefore, after considering this matter in its entirety and being fully advised in the premises, this Court finds that the Juvenile Division of the District Court did not abuse its discretion in waiving its jurisdiction and certifying the appellant to stand trial as an adult for the offense of First Degree Murder. The order of the Juvenile Division of the District Court of Pottawatomie County, is *AFFIRMED.*

CORNISH, P. J., and BUSSEY, J., concur.